FILED by ___ D.C.

ELECTRONIC

**April 21, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No.

CHETU, INC.,

## 09-60588-CIV-COHN/SELTZER

               Plaintiff,

vs.

MOHAMED SAFIR SALIHU, NEERAJ
KUMAR a/k/a NEERAJ THAKUR,
BHUSHAN KUMAR, PRO TECH
SOFTWARE SOLUTIONS, INC.,

               Defendants.

_____/

### NOTICE OF REMOVAL

Defendants, NEERAJ KUMAR a/k/a NEERAJ THAKUR, BHUSHAN KUMAR, PRO

TECH SOFTWARE SOLUTIONS, INC., by and through undersigned counsel, and pursuant to

28 U.S.C. §1446, file and serve this Notice of Removal of the present civil action from the

Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida (Case No.

09-018710 CA 25), to the United States District Court for the Southern District of Florida and in

support of this Notice of Removal, Defendants states as follows:

1. Plaintiff filed a Complaint on March 30, 2009.

2. In the Complaint, Plaintiff alleges a violation of 18 USC §1030 for computer fraud and

   abuse and 18 USC §2511 for a violation of an act regarding electronic communications

   interceptions.

3. Plaintiff's complaint contains ten counts, two of which are federal questions.



HANKIN   ATOR
ATTORNEYS AT LAW

Case 0:09-cv-60588-JIC   Document 1   Entered on FLSD Docket 04/21/2009   Page 2 of 56

Chetu v. Mohamed Safir Salihu et al.
Notice of Removal
Page 2 of 4

4.  When a civil action is brought in a State court of which the district courts of the United States have original jurisdiction, the action may be removed by the defendant to the district court of the United States where such action is pending. 28 U.S.C. §1446.

5.  Defendants must remove the case within 30 days of service of the Complaint. 28 U.S.C. §1446(b).

6.  This Court has original jurisdiction over Counts II and III pursuant to 28 U.S.C. §1331.

7.  Congress granted federal courts supplemental jurisdiction of certain claims by enacting 28 U.S.C. §1367, which provides that district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution.

8.  The state claims raised by Plaintiff include a violation of the Florida Uniform Trade Secrets Act, injunctive relief, tortuous interference with an advantageous business relationship, civil conspiracy, breach of contract, unjust enrichment, and conversion. Each of the claims share a common nucleus of operative fact and therefore, federal supplemental jurisdiction is proper.

9.  In accordance with 28 U.S.C. §1446(a), a copy of all available process, pleadings, and orders served upon Defendants are attached.

10. MOHAMED SAFIR SALIHU is the only other Defendant in this action and upon information and belief, he has not been served by Plaintiff. As a result, it is unnecessary for Defendant to provide his consent to removal. Lazo v. US Airways, Inc., 2008 U.S. Dist. LEXIS 66814 (S.D.Fla. #2008).



WHEREFORE, Defendants, NEERAJ KUMAR a/k/a NEERAJ THAKUR, BHUSHAN

KUMAR, PRO TECH SOFTWARE SOLUTIONS, INC., respectfully request this Court remove

the present action to the United States District Court for the Southern District of Florida.

Respectfully submitted,

HANKINS & ATOR, PL
Attorneys for Plaintiff
371 North Royal Poinciana Boulevard
Miami Springs, FL 33166
Telephone: (305) 863-8525
Telecopier: (305) 863-8535

By: _____

Jennifer J. Ator
jja@hankinsator.com
Florida Bar No. 0120911
Robyn S. Hankins
rsh@hankinsator.com
Florida Bar No. 0008699

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _April 21, 2009_, I served all counsel and parties

identified on the attached service list by U.S. Mail and I filed this document in the Southern

District of Florida.

By: _____
Jennifer J. Ator

HANKINS ATOR
ATTORNEYS AT LAW

## SERVICE LIST

**Paul D. Tuner**
PERLMAN, YEVOLI & ALBRIGHT, PL
200 South Andrews Avenue
Suite 600
Fort Lauderdale, FL 33301
(954) 566-7117
FAX:  (954) 566-7115
pturner@pyalaw.com
Joshua Spector
jspector@pyalaw.com

**Jennifer Jean Ator**
Hankins & Ator, PL
371 North Royal Poinciana
Miami Springs, FL 33166
305-863-8525
Fax: 305-863-8535
Email: jja@hankinsator.com
Attorneys for Plaintiff

Mohamed S. Salihu
1020 Coral Ridge Drive, Apt. #201
Coral Springs, Florida 33071



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CHETU, INC.,                                  CASE NO.:

      Plaintiff,                              **09018710**

vs.
                                              **25**

MOHAMED SAFIR SALIHU, NEERAJ
KUMAR a/k/a NEERAJ THAKUR,
BHUSHAN KUMAR, PRO TECH
SOFTWARE SOLUTIONS, INC.,

      Defendants.
_____/



A TRUE COPY

MAR 31 2009

HOWARD C. FORMAN
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FL

### VERIFIED COMPLAINT

      COMES NOW, the Plaintiff, CHETU, INC. ("**Chetu**"), by and through the undersigned

counsel, and sues the Defendants, MOHAMED SAFIR SALIHU, NEERAJ KUMAR a/k/a

NEERAJ THAKUR, BHUSHAN KUMAR, and PRO TECH SOFTWARE SOLUTIONS, INC.

(collectively, "**Defendants**") and as grounds states as follows:

### Jurisdiction, Venue & Parties

      1.    This is an action for damages in excess of $15,000.00, exclusive of interest, costs,

and attorneys' fees, and injunctive relief.

      2.    Chetu is a Florida corporation with its principal place of business in Broward

County, Florida.

      3.    PRO TECH SOFTWARE SOLUTIONS, INC. ("**Pro Tech**") is a Florida

corporation with its principal place of business in Miramar, Florida.

      4.    MOHAMED SAFIR SALIHU ("**Salihu**") is an individual who is *sui juris* and

who maintains a residence in Broward County, Florida, a former employee of Chetu, and

affiliated with Pro Tech.

1

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

5.     NEERAJ KUMAR a/k/a NEERAJ THAKUR ("**N. Kumar**") is an individual who is *sui juris* is a former employee of Chetu in Broward County, Florida, and presently a corporate officer of Pro Tech, where he serves in Broward County, Florida.

6.     BHUSHAN KUMAR ("**B. Kumar**") is an individual who is *sui juris* and who is the founder and at times material to these claims a corporate officer of Pro Tech, and he works in Broward County, Florida.

7.     Venue is proper before this Court as the claims at issue relate to services provided to Chetu in Broward County, Florida, and as a substantial part of the events, acts, and omissions giving rise to the claims occurred in Broward County, Florida.

8.     All conditions precedent to bringing the instant action have occurred, been performed and/or have otherwise been excused, satisfied, or waived.

### General Allegations

9.     Salihu and N. Kumar are former employees of Chetu (together, the "**Former Employees**").

10.     Salihu worked for Chetu from October 1, 2005 through March 10, 2009, when he resigned effective immediately as of that date.

11.     N. Kumar worked for Chetu from September 9, 2002 through March 16, 2009, when he quit after his supervisors confronted him with allegations of his working for Pro Tech.

12.     Salihu executed and delivered to Chetu a *Non-Disclosure & Policy Agreement* regarding, *inter alia*, Chetu's trade secrets and confidential material. Salihu also executed a non-compete agreement dated April 4, 2005 regarding a twelve-month, post-employment period (collectively, the "**Salihu Non-Compete**").

2

13.     The Salihu Non-Compete Agreement is constituted of two valid contracts and is attached here as **Composite Exhibit A**.

14.     Salihu agreed to several restrictive covenants, including the following:

> [Y]ou agree that after you leave the company, you will not work directly, or indirectly, as an employee, sub-contractor, owner, co-owner of a business, or in any other form, for the company's client for whom you have provided services for or have been introduced through Chetu and that this restrictive covenant will be in force for a period of twelve months after your employment with the company ends.

(Comp. Exh. A).

> I acknowledge that in the course of my employment, I will gain access to and may gain possession of Confidential Information .... I agree to keep all Confidential Information strictly confidential and not to use Confidential Information for any purpose or disclose Confidential Information to any person or entity:
>
> a. during my employment, except as expressly authorized....
>
> b. at any time after my employment ends.

*Id.* The parties to the Salihu Non-Compete defined "Confidential Information" with several examples, including "customer lists, advertiser lists, supplier lists ... price lists." *Id.* Salihu and Chetu further agreed:

> At the time my employment terminates ... I will turn over to [Chetu] all property of [Chetu] and all Confidential Information in any form. I will not keep any copies of such materials.

*Id.* With regard to harm to Chetu and its seeking remedies relating to a breach of the Salihu Non-Compete, Salihu agreed:

> [Chetu] will suffer immediate and irreparable injury.... If I violate [the agreement] my strict compliance ... should be ordered by a court of competent jurisdiction and [Chetu] is

3

therefore entitled to preliminary and final injunctive relief to enforce this agreement.

*Id.*

15.     N. Kumar executed and delivered to Chetu a *Confidentiality Agreement* on September 9, 2002. N. Kumar also executed a non-compete agreement dated August 24, 2002 regarding a twelve-month, post-employment period (collectively, the "**N. Kumar Non-Compete**").

16.     The N. Kumar Non-Compete Agreement is constituted of two valid contracts and is attached here as **Composite Exhibit B**.

17.     The terms of the N. Kumar Non-Compete are substantially similar and often identical to those of the Salihu Non-Compete. *Compare* Comp. Exhs. B, A; *supra* ¶ 14. N. Kumar agreed to, and is bound by, the terms of the N. Kumar Non-Compete.

18.     Former Employees all necessarily had access to Chetu's confidential information, including trade secrets, which they utilized or were privy to in the course of their respective duties to and functions for Chetu.

19.     Prior and after the termination of their employment with Chetu, Salihu and N. Kumar provided services that competed with Chetu.

20.     The services provided by Salihu, N. Kumar, and B. Kumar included services to and through Pro Tech.

21.     Pro Tech competes with Chetu.

22.     Pro Tech offers services and products substantially similar to those of Chetu.

4

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

8 of 56

23.     Pro Tech, including through B. Kumar, N. Kumar, and/or Salihu has provided software or web services to Prographics Sportswear and Party Favors, Inc., a Florida corporation with its principal place of business in Monroe County, Florida ("**PSPF**").

24.     John T. Timura is the owner, C.E.O. and president of PSPF.

25.     PSPF is, and has at all material times been, a customer of Chetu.

26.     PSPF has registered and utilizes the domain name *prographicssportswear.com,* listing John Timura as the "Administrative Contact" and the "Technical Contact." A copy of the web-page from godaddy.com showing this registration is attached here as **Exhibit C**.

27.     John Timura uses the e-mail address *john@prographicssportswear.com*.

28.     John Timura uses the e-mail address *john@prographicssportswear.com* in relation to the business and operation of PSPF.

29.     B. Kumar is a corporate officer of Pro Tech, and has been since October 16, 2001, when he founded Pro Tech. It is not clear whether B. Kumar operated as a promoter of Pro Tech prior to that date.

30.     B. Kumar remained the president and a director of Pro Tech until April 27, 2008.

31.     Pro Tech's management group is listed on Pro Tech's web-site, including at *http://www.protechsoftsolutions.com/AboutUs/staff.htm*.

32.     Pro Tech lists a "Neeraj Thakur" as its Chief Technology Officer ("C.T.O."). A true and correct copy of *http://www.protechsoftsolutions.com/AboutUs/staff.htm* as of March 23, 2009 is attached here as **Exhibit D**.

33.     Upon information and belief, this "Neeraj Thakur" is the same individual as the defendant named here as Neeraj Kumar (N. Kumar).

5

34.     The Pro Tech web-site (*supra* ¶ 32) also lists B. Kumar as its president.

35.     On May 15, 2008, B. Kumar registered the Internet domain name *protechsoftsolutions.com* through www.godaddy.com. B. Kumar of Pro Tech Software Solutions, Inc. in Miramar, Florida serves as the "Administrative Contact" and the "Technical Contact" associated with domain name. A copy of the web-page from godaddy.com showing this registration is attached here as **Exhibit E**.

36.     Salihu uses or has used the e-mail address *safirs@protechsoftsolutions.com*.

37.     Salihu has corresponded with John Timura of PSPF using his e-mail address *safirs@protechsoftsolutions.com*.

38.     Attached within the trail of the e-mail message attached here as **Exhibit F** is a true and correct copy of an e-mail message from John Timura of PSPF to Salihu at his Pro Tech e-mail address dated March 16, 2009.

39.     In that same thread, Salihu forwards the March 16, 2009 e-mail from John Timura of PSPF to addresses including that of *nthakur@protechsoftsolutions.com* and *mr.alokk@gmail.com*. (Exh. F).

40.     The account and address of *mr.alokk@gmail.com* is associated with and used by Alok Kumar.

41.     Alok Kumar is a former employee of Chetu's subsidiary in India who also provided services to Pro Tech.

42.     Alok Kumar has shared e-mails including that which is Exhibit F, hereto, with Chetu in the course of revealing his own breaches of his applicable confidentiality and non-

6

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

competition covenants. Exhibit F originated from a file that was on Alok Kumar's gmail account and/or work computer.

43.     Alok Kumar is a software developer based in India who was employed by and provided services to Chetu, as well as to Pro Tech.

44.     The applicable covenants of the Former Employees' respective Non-Compete Agreements have not terminated.

45.     The geographic scope of the Non-Compete Agreements as applied in the instance set forth here lies within the State of Florida, though the terms do not limit the contracts thus.

46.     Salihu and N. Kumar had primary responsibilities in their employment with Chetu that included software development and project management and web-site development, including contact with Chetu's customers and access to Chetu's confidential information.

47.     N. Kumar and B. Kumar are brothers.

48.     Upon information and belief, Former Employees are carrying out duties similar to those of their respective employment with Chetu.

49.     Upon information and belief, Former Employees are misappropriating Chetu's confidential information and trade secrets, including its customer lists, to unfairly compete with Chetu, and to enrich themselves and Pro Tech, including by providing services to Chetu's clients, such as PSPF.

50.     Salihu has materially breached the Salihu Non-Compete.

51.     N. Kumar has materially breached the N. Kumar Non-Compete.

52.     Chetu has been damaged as a result of the material breaches of the respective Non-Compete Agreements by Former Employees.

7

53.     Upon information and belief, Pro Tech and/or Former Employees have solicited work or succeeded in drawing work from Chetu's clients.

54.     Furthermore, Salihu has accessed Chetu's protected computer network systems without authorization or right since the termination of his employment.

55.     Upon termination and without notice, Salihu changed the access credentials of the third-party LogMeIn account that was created using Chetu credentials. The LogMeIn account was used by Chetu to access computers of its customers or other computers within Chetu's network from outside. Salihu then used that mechanism to infiltrate Chetu's protected computer network systems.

56.     In so doing, Salihu used his account and/or user-name associated with his Yahoo! Account (*www.yahoo.com*): *msafirs@yahoo.com*.

57.     Chetu has knowledge that *msafirs@yahoo.com* is Salihu's account/address because he had copied to this e-mail address when sending his resignation letter.

58.     Chetu's protected computers and network are used in interstate commerce as well as international commerce.

59.     Salihu and Defendants then interfered with the function and utility of Chetu's protected computer, including by blocking Chetu employees from accessing their files and otherwise using the protected computer for their intended purpose and function.

60.     Salihu, along with Defendants, have caused at least $5,000.00 worth of damage through their unauthorized access to Chetu's protected computers and network.

61.     Chetu's protected computers number more than 10.

8

62.     Salihu and Defendants' interference complained of here, prior to the commencement of discovery and exclusive of what further trespasses shall be uncovered, all took place within one-year.

63.     Upon information and belief, Salihu and/or Pro Tech may have misappropriated valuable source code and offered it for sale, or presented it to Chetu's clients and/or competitors.

64.     During the course of his employment with Chetu, N. Kumar was provided with access to and the use of a Dell laptop. Chetu has made numerous demands for the return of the laptop, to no avail.

65.     Salihu was over paid by Chetu in the amount of $1,081.82. Chetu has made a demand for the return of the amount of the over payment, to no avail.

### FIRST CLAIM FOR RELIEF
### FLORIDA UNIFORM TRADE SECRETS ACT VIOLATION
### (FLA. STAT. §§ 688.001 ET SEQ.)
### (Defendants)

66.     Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

67.     Chetu has expended considerable resources to develop trade secrets crucial to its operations in the software and web development industry.

68.     Chetu makes reasonable efforts to maintain the secrecy of its trade secrets.

69.     Former Employees, through their employment with Chetu, were respectively provided with variable amounts of access to Chetu's trade secrets.

70.     Former Employees, by improper means, misappropriated Chetu's trade secrets prior to and following their termination of employment with Chetu.

9

71.     Former Employees along with B. Kumar and his company Pro Tech, have utilized Chetu's misappropriated trade secrets to gain a commercial advantage in direct competition with Chetu and done so with an interest in their own pecuniary gain.

72.     Chetu has been damaged and continues to be damaged by Defendants' use of Chetu's misappropriated trade secrets.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

a.     Awarding Chetu actual damages pursuant to Fla. Stat. § 688.004(1);

b.     Awarding Chetu exemplary damages pursuant to Fla. Stat. § 688.004 (2);

c.     Awarding Chetu attorneys' fees pursuant to contract and Fla. Stat. § 688.005;

d.     Awarding Chetu pre-judgment and post-judgment interest on any award;

e.     Enjoin Defendants from further wrong-doing, and to return all of Chetu's confidential material and trade secrets to Chetu; and

f.     Granting Chetu such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 18 U.S.C. § 1030 FOR
## COMPUTER FRAUD AND ABUSE
## (Defendants)

73.     Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

74.     Chetu has standing to prosecute a civil claim under 18 U.S.C. § 1030 for both compensatory damages and injunctive relief or other equitable relief under subprovision (g), including because:

10

a.  Chetu's losses relating to Salihu and Defendants' wrong-doing taking place within the last one-year period aggregate at least $5,000.00 in value.

b.  The damage caused by this violation affected 10 or more protected computers during this one-year period.

75.  Defendants, by and through Salihu, intentionally accessed Chetu's protected computers without authorization and obtained information from protected computers in violation of subprovision (a)(2)(C).

76.  Defendants, by and through Salihu, knowingly caused the transmission of a program, information, code, or commands, and as a result of such conduct, intentionally caused damage without authorization to Chetu's protected computers in violation of subprovision (a)(5).

77.  Defendants conspired with Salihu to causes these breaches, and are similarly liable under subprovision (b).

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

a.  Awarding Chetu compensatory damages;

b.  Enjoin Defendants from further wrong-doing, and to return all of Chetu's confidential material and trade secrets to Chetu; and

c.  Granting Chetu such other and further relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### ELECTRONIC COMMUNICATIONS INTERCEPTIONS
### IN VIOLATION OF 18 U.S.C. § 2511
### (Defendants)

78.  Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

11

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 -- (954) 566-7117

15 of 56

79.     The United States Code (18 U.S.C. § 2520) grants standing to Chetu for the purpose of prosecuting a civil action for a violation 18 U.S.C. § 2511.

80.     Defendants knowingly and intentionally intercepted electronic communications from Chetu's protected computers and network and endeavored to use same in violation of 18 U.S.C. § 2511(1)(a) and (d).

81.     Defendants' actions have caused and will continue to cause irreparable injury to Chetu unless enjoined by this Court.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

a.     Awarding Chetu compensatory damages;

b.     Enjoin Defendants from further wrong-doing, and to return all of Chetu's confidential material intercepted to Chetu;

c.     Awarding Chetu reasonable attorneys' fees and costs as permitted by 18 U.S.C. § 2520; and

d.     Granting Chetu such other and further relief as the Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### INJUNCTIVE RELIEF
### (STATUTORY / CONTRACTUAL)
### (Defendants)

82.     Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

83.     Defendants, by improper means, misappropriated Chetu's trade secrets.

84.     Defendants have utilized Chetu's misappropriated trade secrets to gain a commercial advantage in direct competition with Chetu and for their own financial gain.

12

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

85.     Chetu will suffer irreparable harm and damage to Chetu's good will, reputation, and business relations, and has no adequate remedy at law for Defendants' violations of sections 688.001, et seq., Florida Statutes, and for Former Employees' respective violations of their contractual obligations to Chetu.

86.     Chetu is entitled to injunctive relief to eliminate commercial advantage that otherwise would be derived from the misappropriation of its trade secrets pursuant to section 688.003, Florida Statutes, as well as from its contracts with Former Employees.

87.     Furthermore, it is public policy of the State of Florida to protect businesses from misappropriation of confidential information.

88.     Accordingly, issuance of a temporary injunction will serve the public interest, and Chetu has a substantial likelihood of success on the merits.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

a.     Granting Chetu a temporary injunction enjoining Defendants from further wrong-doing and seizing all confidential material from Defendants until Chetu's right for a permanent injunction is determined and for permanent injunction on a final trial;

b.     Awarding Chetu's attorneys' fees and costs pursuant to Fla. Stat. § 688.005; and

c.     Granting Chetu such other and further relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
## TORTIOUS INTERFERENCE WITH AN
## ADVANTAGEOUS BUSINESS RELATIONSHIP
### (Defendants)

89.     Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

13

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

17 of 56

90.     Chetu has existing business relationships with various customers throughout serviceable area.

91.     Former Employees have knowledge of many of Chetu's business relationships with customers through their respective, collective employment with Chetu including, but not limited to, their knowledge of Chetu's customer lists, marketing plan, and other highly confidential and data. Pro Tech is imputed with this knowledge via *respondeat superior*.

92.     For the wrong-doing alleged in this Verified Complaint, it is clear that Defendants intentionally — and unjustifiably — interfered with several of Chetu's business relationships including, but not limited to, the relationship with PSPF.

93.     Chetu has suffered damages as a result of Defendants' interference with those relationships.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

    a.    Awarding Chetu actual damages and reserving Chetu's right to later seek punitive damages;

    b.    Awarding Chetu pre-judgment and post-judgment interest on any award; and

    c.    Granting Chetu such other and further relief as the Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### CIVIL CONSPIRACY
### (Defendants)

94.     Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

14

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

95.     Defendants agreed with one another to act in concert with the purpose of misappropriating Chetu's confidential information and trade secrets, use them in a scheme of unfair competition with Chetu, solicit Chetu's existing and prospective customers with work product, products, and materials that were the property of Chetu, and otherwise interfere with Chetu's advantageous business relationships, network and protected computers.

96.     Defendants so conspired, acted and continued to act in concert with one another pursuant to their agreement.

97.     As a result, Defendants obtained the power to accomplish the unlawful purpose they could not possess as individuals, and that Pro Tech could not accomplish without the Former Employees.

98.     As a direct and proximate result of the foregoing, Chetu has suffered and continues to substantial damages.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

a.     Awarding Chetu actual damages;

b.     Awarding Chetu pre-judgment and post-judgment interest on any award; and

c.     Awarding Chetu any special damages upon application to this Court and the showing of the requisite circumstances; and

d.     Granting Chetu such other and further relief as the Court deems just and proper.

15

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

## SEVENTH CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (Salihu)

99.     Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

100.    Chetu and Salihu entered into a valid contract (Comp. Exh. A).

101.    Salihu materially breached that contract by, *inter alia*, improperly accessing, and asserting dominion over confidential and trade secret material belonging to Chetu, publishing or exploiting that material for his own personal gain, and otherwise unfairly competing or aiding and abetting Pro Tech in unfairly competing with Chetu.

102.    Chetu has suffered and continues to suffer damages as a proximate result of Salihu's breach of his contract.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Salihu;

a.      Awarding Chetu actual damages;

b.      Awarding Chetu pre-judgment and post-judgment interest on any award; and

c.      Granting Chetu such other and further relief as the Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (N. Kumar)

103.    Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

104.    Chetu and N. Kumar entered into a valid contract (Comp. Exh. B).

16

105.    N. Kumar materially breached that contract by, *inter alia*, improperly accessing, and asserting dominion over confidential and trade secret material belonging to Chetu, publishing or exploiting that material for his own personal gain, and otherwise unfairly competing or aiding and abetting Pro Tech in unfairly competing with Chetu.

106.    Chetu has suffered and continues to suffer damages as a proximate result of N. Kumar's breach of his contract.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against N. Kumar;

    a.    Awarding Chetu actual damages;

    b.    Awarding Chetu pre-judgment and post-judgment interest on any award; and

    c.    Granting Chetu such other and further relief as the Court deems just and proper.

### NINTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (Defendants)

107.    Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

108.    Former Employees have each misappropriated confidential material, including trade secrets, belonging to Chetu, thereby conferring upon themselves a benefit that is at once to the detriment of Chetu. Subsequently, that benefit has been conferred upon Pro Tech by and through Former Employees.

109.    Defendants have knowledge of the benefit conferred.

110.    Defendants accepted and retain the subject benefit.

17

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

21 of 56

111.   Under the circumstances, it would be inequitable for Defendants to retain that benefit without paying for it.

112.   In the very course of Defendants being unjustly enriched, Chetu has been directly and proximately damaged.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against Defendants;

    a.    Awarding Chetu actual damages;

    b.    Awarding Chetu pre-judgment and post-judgment interest on any award; and

    c.    Granting Chetu such other and further relief as the Court deems just and proper.

### TENTH CLAIM FOR RELIEF
### CONVERSION
### (N. Kumar and Salihu)

113.   Chetu adopts and realleges paragraphs 1 through 65 above as if fully set forth herein.

114.   During the course of his employment with Chetu, N. Kumar was provided with access to and the use of a Dell laptop.  Chetu has made numerous demands for the return of the laptop, to no avail.

115.   Salihu was over paid by Chetu in the amount of $1,081.82.  Chetu has made numerous demands for the return of the amount of the over payment, to no avail.

116.   Chetu has been and continues to be damaged by N. Kumar and Salihu's refusal to return Chetu's property.

WHEREFORE, Chetu requests that the Court enter a judgment in its favor and against N. Kumar and Salihu;

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

a.   Awarding Chetu actual damages;

b.   Awarding Chetu pre-judgment and post-judgment interest on any award; and

c.   Granting Chetu such other and further relief as the Court deems just and proper.

## Verification

I have read the foregoing Verified Complaint. I have personal knowledge of all the assertions contained therein and believe all the assertions are true and accurate. I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this Verified Complaint and that the punishment for knowingly making false statements includes fines and/or imprisonment.

Dated:  March 30th, 2009.

CHETU, INC.

By: Atal Bansal, President

Dated this  3c$^{th}$ day of March 2009.

PERLMAN, YEVOLI & ALBRIGHT, PL
Counsel for Plaintiff
Museum Tower
200 South Andrews Avenue, Suite 600
Fort Lauderdale, Florida 33301
T: 954.566.7117
F: 954.566.7115

By:

Paul D. Turner
FBN 0113743
E-Mail: pturner@pyalaw.com
Joshua Spector
FBN: 0584142
E-Mail: jspector@pyalaw.com

19

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

# EXHIBIT A

Chetu, Inc.
5881 NW 151st Street.
Suite 126.
Miami, FL 33014

Voice: 305 825 1818
Fax: 305 832 5987
email: info@chetu.com
Web: www.chetu.com

# Chetu

November 22, 2003

Mohamed S Salihu
1020 Coral Ridge Drive
Apt #201
Coral Springs FL 33071

Dear Mr. Salihu,

This letter confirms your employment with Chetu, Inc. as a Software Engineer.

Your compensation will consist of an annual base salary of $50,000, paid every month. Additionally, you will be eligible for performance based yearly bonus.

You will accrue vacations at the rate of 0.83 days per month (2 weeks/year). For the first year, the vacations will be pro-rated from the start date through December 31 of that year. If you join before the 15th of a month, that month will be counted as a full month in calculating vacations, otherwise it will not be counted.

You will also be eligible to participate in the company's medical insurance plans. Please review our company policy manual for more details.

In accepting this offer of employment, you agree that after you leave the company, you will not work directly, or indirectly, as an employee, sub-contractor, owner, co-owner of a business, or in any other form, for the company's client for whom you have provided services for or have been introduced through Chetu and that this restrictive covenant will be in force for a period of twelve months after your employment with the company ends.

If you agree with the above terms, please sign below and return a copy to me by November 25, 2004.

Congratulations and welcome aboard!

Best regards,

Vijay Bansal
President

Agreed to:

Mohamed S Salihu

04/04/2005
Date

Chetu, Inc.

Confidential
v01.2805

## NON-DISCLOSURE & POLICY AGREEMENT

This Agreement is made in consideration of my employment with Chetu, Inc. ("Employer").

1.DUTIES. I accept new employment or continuing employment with Employer. I agree that I will devote my full business time, attention, and ability to the business affairs of Employer. I acknowledge that as an employee, I have a duty of loyalty to Employer.

2.COMPENSATION. I will be paid salary at the level specified by Employer from time to time and will receive benefits in accordance with Employer's plans and policies. Employer shall be entitled to withhold from amounts to be paid to me any federal, state or local withholding or other taxes, payroll deductions, or other charges which it is from time to time required to withhold.

3.RECEIPT OF AND ABIDANCE BY COMPANY HANDBOOK. I have received and read through the entire company handbook. I understand and will abide by the mentioned policies, terms, benefits, conditions and other sections of the handbook. I acknowledge that clauses in the company handbook including benefit plans and policies are subject to change per the company's requirement. By signing below I agree to the renewed policies, however, if I have any disagreements, issues or concerns with respect to the new policies I shall immediately notify Employer in writing expressing the concern or disagreement and seek resolution. I understand that certain terms of this Agreement remain in effect after termination of my employment, regardless of the reason for termination.

4.COMPANY CONFIDENTIALITY. I acknowledge that in the course of my employment, I will gain access to and may gain possession of Confidential Information (as defined below) of Employer. I agree to keep all Confidential Information strictly confidential and not to use Confidential Information for any purpose or disclose Confidential Information to any person or entity:

   a. during my employment, except as expressly authorized by and for the benefit of Employer and in the course of my duties as an employee or

   b. at any time after my employment ends

"Confidential Information" shall mean any confidential or proprietary information of Employer, including, but not limited to, any technical and scientific information, any information relating to software architecture, design or code, any research and development information, any plans or projections, any customer lists, advertiser lists, supplier lists, customer sales analyses, price lists and any other non-public information concerning Employer's business.
Confidential Information shall not include:

   a. information disclosed publicly in published materials or

   b. information generally known to the public.

5.RETURN OF PROPERTY. At the time that my employment terminates, or at any other time that Employer so requests, I will turn over to Employer all property of Employer and all Confidential Information in any form. I will not keep any copies of such materials.

6.ABSENCE OF PRIOR AGREEMENTS. I represent as follows:

   a.My entering into employment with Employer under this Agreement does not constitute a breach of any contract, agreement or understanding and I am free to execute this Agreement and to enter into the employ of Employer.

   b.I am not bound by the terms of any agreement with any previous employer or other party :

Employee Initials _NM_

Employer Initials: _____

Chetu, Inc.

Confidential
v01.28.05

    i.   to refrain from using or disclosing any trade secret, confidential, or proprietary information of such previous employer or other party in the course of my employment with Employer or

    ii.  to refrain from competing, directly or indirectly, with the business of such previous employer or any other party.

7. WORKS BELONG TO EMPLOYER. All Works (as defined below) shall be the sole property of Employer. Employer shall be the sole owner of all patents, copyrights, and other rights relating to Works. I acknowledge that all Works are work for hire that become property of Employer, and I assign to Employer any and all rights that I may have or acquire in all Works.

"Works" shall mean all items created or made, all discoveries, concepts, ideas and fixed expressions thereof, whether or not patentable or registrable under copyright or other statutes, including but not limited to software, source and object code, hardware, technology, products, machines, programs, processes, developments, formulae, methods, techniques, know-how, data and improvements, which:

    a. I make or conceive or reduce to practice or learn alone or jointly with others who are retained, employed or acting on behalf of Employer;

    b. occur during the period of, as a consequence of, or in connection with my employment by Employer;

    c. result from tasks assigned to me by Employer; or

    d. result from use of property, premises or facilities owned, leased or contracted for by Employer.

This paragraph shall not apply to any development which meets all of the following three conditions:

    a. I do the work entirely by myself without use of Employer's facilities, property, or resources;

    b. I do the work entirely on my own time; and

    c. The development does not relate to Employer's business or research or to its planned business or research.

8. AGREEMENT TO DISCLOSE. I agree to disclose promptly to Employer or its authorized agent all information regarding Works as soon as is possible. I agree to maintain accurate and adequate records of all Works.

9. DUTY TO COOPERATE. At all times during and after my employment, I agree to perform all tasks and execute all papers necessary or appropriate to grant Employer the full benefits granted in this Agreement or to facilitate Employer's securing and enforcing all rights pertaining to this Agreement.

10. BINDING EFFECT. This Agreement shall inure to the benefit of and be binding upon Employer, its successors and assigns, and on me, my successors, assigns, heirs, executors, administrators and legal representatives.

11. NEED FOR THIS AGREEMENT. I agree that because of the nature of Employer's business, the restrictions contained in this Agreement are reasonable and necessary in order to protect the legitimate interests of Employer.

12. REMEDIES. I understand that if I violate any provision of this agreement relating to Confidential Information, to Works or to my duty to cooperate in matters relating to protection of intellectual property, Employer will suffer immediate and irreparable injury. If I violate any of such provisions, I agree that, in addition to any other remedies that may apply, my strict compliance with this Agreement should be ordered by a court of competent jurisdiction and Employer is

Employee Initials _JWM_

Employer Initials: _____

Chetu, Inc.

Confidential
v 01 1805

therefore entitled to preliminary and final injunctive relief to
enforce this agreement.
13. SEVERABILITY. If any one or more of the provisions contained in this
Agreement shall for any reason be held to be invalid, such invalidity
will not affect any other provision of this Agreement.
14. APPLICABLE LAW. This Agreement is to be interpreted in accordance
with the substantive law of Miami-Dade County, Florida, US.
15. ENTIRE AGREEMENT. This Agreement represents the entire agreement
between Employer and me and supersedes all prior or contemporaneous
oral or written agreements between us relating to this subject matter.
This Agreement may not be amended or altered except by a writing signed
by both parties.

I ACKNOWLEDGE THAT I HAVE READ THIS AGREEMENT CAREFULLY, AND THAT I
FULLY UNDERSTAND AND AGREE TO ALL OF ITS TERMS.

Employment Date: _09/26/2005_  10/1/05

Approved and Accepted by:

Employee:                          Chetu, Inc.:

_____           _____
[Signature]                        [Authorized Signatory]

Name: _MOHAMED SABIRSALIHU_        Name: _Atal Bansal_

Title: _____            Title: _DIRECTOR_

Date: _09/21/2005_                 Date: _9/23/05_

Employee Initials _____          Employer Initials: _____

AUG-27-2002  10:01          TTE LABS

Chetu, Inc.                Voice:  305 825 1818
5881 NW 151st Street,      Fax:    305 832 5987
Suite 128,                 email:  info@chetu.com
Miami, FL 33014            Web:    www.chetu.com

# Chetu

Neeraj Kumar,
1435 Bedford Street,
Apt# 4A,
Stamford, CT 06905

Dear Mr. Kumar,

This letter confirms your employment with Chetu, Inc.

Your base compensation will consist of an annual base salary of $48,000, paid every month. In addition to the base compensation you will be eligible to receive "Team Compensation" in the form of a Performance Incentive. Performance is measured by a scorecard comprised of client feedback, timely delivery, an internal team rating session and the company's overall performance. Your Performance Incentive allows you to earn a bonus from 0 to 5% of your base compensation.

In addition, during the first year of joining Chetu, you will accrue vacation at the rate of 0.83 days per month (2 weeks/year), pro-rated from the date of start through December of that year. If you join before the 15th of the month that month will be counted as a full month in calculations for vacation purposes, otherwise it will not be counted in calculating vacations.

Starting January 1 of the following year, you will accrue 0.83 days per month (2 weeks/year) until the 3rd January 1 at Chetu. Starting the 3rd January 1 at Chetu the accrual changes to 1.25 per month (3 weeks/year).

You will also be eligible to participate in the company's medical insurance plans. Please review our company policy manual for more details.

In accepting this offer of employment, you agree that after you leave the company, you will not work directly, or indirectly, as an employee, sub-contractor, owner, co-owner of a business, or in any other form, for the company's client for whom you have provided services and that this restrictive covenant will be in force for a period of twelve months after your employment with the company ends.

If you agree with the above terms, please sign below and return a signed copy of the letter to me.

Congratulations and welcome aboard!

Chetu, Inc
www.chetu.com

Best regards,

Vijay Bansal
President

Agreed to:

_Neeraj Kumar_

Date  08/24/2002

## Chetu, Inc.

## CONFIDENTIALITY AGREEMENT

This Agreement is made in consideration of my employment with Chetu, Inc. ("Employer").

1. DUTIES, I accept new employment or continuing employment with Employer. I agree that I will devote my full business time, attention, and ability to the business affairs of Employer. I acknowledge that as an employee, I have a duty of loyalty to Employer.
2. COMPENSATION. I will be paid salary at the level specified by Employer from time to time and will receive benefits in accordance with Employer's plans and policies. Employer shall be entitled to withhold from amounts to be paid to me any federal, state or local withholding or other taxes, payroll deductions, or other charges which it is from time to time required to withhold. I acknowledge that benefit plans and policies are subject to change without prior notice.
3. TERM OF EMPLOYMENT. I understand and agree that Employer may terminate my employment without cause at any time upon three weeks written notice or, at Employer's option, by tendering three weeks severance pay. My employment may be immediately terminated for cause at any time. Cause includes, but is not limited to, substandard performance, failure to perform in accordance with company policies and rules, or any act of dishonesty. I can terminate my employment at any time subject to three weeks prior notice. I understand that certain terms of this Agreement remain in effect after termination of my employment, regardless of the reason for termination.
4. COMPANY CONFIDENTIALITY. I acknowledge that in the course of my employment, I will gain access to and may gain possession of Confidential Information (as defined below) of Employer. I agree to keep all Confidential Information strictly confidential and not to use Confidential Information for any purpose or disclose Confidential Information to any person or entity
   a. during my employment, except as expressly authorized by and for the benefit of Employer and in the course of my duties as an employee or
   b. at any time after my employment ends

   "Confidential Information" shall mean any confidential or proprietary information of Employer, including, but not limited to, any technical and scientific information, any information relating to software architecture, design or code, any research and development information, any plans or projections, any customer lists, advertiser lists, supplier lists, customer sales analyses, price lists and any other non-public information concerning Employer's business. Confidential Information shall not include:
   a. information disclosed publicly in published materials or
   b. information generally known to the public.
5. RETURN OF PROPERTY. At the time that my employment terminates, or at any other time that Employer so requests, I will turn over to Employer all property of Employer and all Confidential Information in any form. I will not keep any copies of such materials.
6. ABSENCE OF PRIOR AGREEMENTS. I represent as follows:
   a. My entering into employment with Employer under this Agreement does not constitute a breach of any contract, agreement or understanding and I am free to execute this Agreement and to enter into the employ of Employer.
   b. I am not bound by the terms of any agreement with any previous employer or other party :
      a. to refrain from using or disclosing any trade secret, confidential, or proprietary information of such previous employer or other party in the course of my

employment with Employer or

   b. to refrain from competing, directly or indirectly, with the business of such previous employer or any other party.

7. **WORKS BELONG TO EMPLOYER.** All Works (as defined below) shall be the sole property of Employer. Employer shall be the sole owner of all patents, copyrights, and other rights relating to Works. I acknowledge that all Works are work for hire that become property of Employer, and I assign to Employer any and all rights that I may have or acquire in all Works.

"Works" shall mean all items created or made, all discoveries, concepts, ideas and fixed expressions thereof, whether or not patentable or registrable under copyright or other statutes, including but not limited to software, source and object code, hardware, technology, products, machines, programs, processes, developments, formulae, methods, techniques, know-how, data and improvements, which:

   a. I make or conceive or reduce to practice or learn alone or jointly with others who are retained, employed or acting on behalf of Employer;

   b. occur during the period of, as a consequence of, or in connection with my employment by Employer;

   c. result from tasks assigned to me by Employer; or

   d. result from use of property, premises or facilities owned, leased or contracted for by Employer.

This paragraph shall not apply to any development which meets all of the following three conditions:

   a. I do the work entirely by myself without use of Employer's facilities, property, or resources,

   b. I do the work entirely on my own time, and

   c. the development does not relate to Employer's business or research or to its planned business or research.

8. **AGREEMENT TO DISCLOSE.** I agree to disclose promptly to Employer or its authorized agent all information regarding Works as soon as is possible. I agree to maintain accurate and adequate records of all Works. **DUTY TO COOPERATE.** At all times during and after my employment, I agree to perform all tasks and execute all papers necessary or appropriate to grant Employer the full benefits granted in this Agreement or to facilitate Employer's securing and enforcing all rights pertaining to this Agreement.

9. **BINDING EFFECT.** This Agreement shall inure to the benefit of and be binding upon Employer, its successors and assigns, and on me, my successors, assigns, heirs, executors, administrators and legal representatives.

10. **NEED FOR THIS AGREEMENT.** I agree that because of the nature of Employer's business, the restrictions contained in this Agreement are reasonable and necessary in order to protect the legitimate interests of Employer.

11. **REMEDIES.** I understand that if I violate any provision of this agreement relating to Confidential Information, to Works or to my duty to cooperate in matters relating to protection of intellectual property, Employer will suffer immediate and irreparable injury. If I violate any of such provisions, I agree that, in addition to any other remedies that may apply, my strict compliance with this Agreement should be ordered by a court of competent jurisdiction and Employer is therefore entitled to preliminary and final injunctive relief to enforce this agreement.

12. **SEVERABILITY.** If any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, such invalidity will not affect any other provision of this Agreement.

13. APPLICABLE LAW. This Agreement is to be interpreted in accordance with the substantive law of Florida, USA.

14. ENTIRE AGREEMENT. This Agreement represents the entire agreement between Employer and me and supersedes all prior or contemporaneous oral or written agreements between us relating to this subject matter. This Agreement may not be amended or altered except by a writing signed by both parties.

I ACKNOWLEDGE THAT I HAVE READ THIS AGREEMENT CAREFULLY, AND THAT I FULLY UNDERSTAND AND AGREE TO ALL OF ITS TERMS.

[Signature of Employee]

[Employee Name, print or type]

Employee Address:      3049 W WALNUT HILL #922
                       IRVING, TX 75038

Employment Date:       08/24/2002

Date of this Agreement:   9/9/2002

Accepted by:      Atal Bansal

[Chetu, Inc.]

By:

[Signature of Officer of Chetu]
             Dir. of Technology

# EXHIBIT C

24/7 Sales & Support (480)505-8877

Create Account | Log in to Account: | Username/Customer # | Password | USD

Home | Hosting | Auctions | Email | Site Builders | Marketplace | Business | SSL Certificates | Videos | Resellers | Support | Bob's Blog

Domains | Domain Manager

**WHOIS**

*WHOIS Domain Check*

## SEARCH RESULTS for:

**Check to add these alternate PROGRAPHICSSPORTSWEAR domain names.**

- [ ] .NET $12.99*/yr
- [x] .ME $14.99/yr SAVE!
- [x] .INFO $0.99*/yr SAVE!
- [x] .ORG $14.99*/yr
- [x] .MOBI $7.99*/yr SAVE!
- [x] .BIZ $14.99*/yr

Select All

**Check to add these similar PROGRAPHICSSPORTSWEAR.COM domain names.**

- [ ] THEPROGRAPHICSSPORTSWEAR.COM
- [ ] MYPROGRAPHICSSPORTS $9.99*/yr SAVE! WEAR.COM
- [ ] NEWPROGRAPHICSSPORT $9.99*/yr SAVE! SWEAR.COM
- [ ] FREEPROGRAPHICSSPOR $9.99*/yr SAVE! TSWEAR.COM
- [ ] BESTPROGRAPHICSSPOR $9.99*/yr SAVE! TSWEAR.COM
- [ ] PROGRAPHICSSPORTSWEARSI $9.99*/yr SAVE! TE.COM
- [ ] SITEPROGRAPHICSSPOR $9.99*/yr SAVE! TSWEAR.COM
- [ ] PROGRAPHICSSPORTSWEARON $9.99*/yr SAVE! LINE.COM
- [ ] ONLINEPROGRAPHICSSP $9.99*/yr SAVE! ORTSWEAR.COM
- [ ] PROGRAPHICSSPORTSWEARST $9.99*/yr SAVE! ORE.COM
- [ ] STOREPROGRAPHICSSPO $9.99*/yr SAVE! RTSWEAR.COM
- [ ] PROGRAPHICSSPORTSWEARNO $9.99*/yr SAVE! W.COM

Select All

**Check to add these Premium domain names.**

- [ ] GraphicArts.net $4,788.00
- [ ] GraphicAccelerators.com $1,000.00
- [ ] Graphicaqy.com $3,088.00
- [ ] LadiesSportswear.com $1,149.00
- [ ] LatestSportswear.com $349.00
- [ ] GamesSportswear.com $649.00

Select All

Interested in this

*Plus ICANN fee of $0.20 per domain name year.
**.CA domain names will be registered through Go Daddy Domains Canada, Inc., a CIRA certified registrar.

ALERT, You have 4 domains expiring

Domains
Domain Manager
Email
Check My Web Mail
Free Products
Hosting
Show All My Products

Preferences
Account Settings
Customer Information
Order History
Pending Account Changes
My Downloads
Assign an AccountExec
Buyer Profiles
My Payment Information
Gift Card Balance
GoodAsGold Balance
**Domain Related**
Domain Transfers
Investor's Edge Domains
Domain Forwarding
Domain Monitoring/Backordering

Off-Site DNS Management

Web Site Tools
For Sale/Starter Web Page

Advertising Credits:
Facebook® , Google®, Microsoft®

**Advertising secrets that pay off big!
An easy way to show some class.
Danica Patrick SB shower bloopers.**

"Love your Rule #16" - Elizabeth S.

## $1.99* DOMAINS

No quantity limit! With every
new, non-domain product you buy**

The data contained in GoDaddy.com, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
Prographics Sportswear
PO Box 961
Islamorada, Florida 33036
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: PROGRAPHICSSPORTSWEAR.COM
Created on: 17-Aug-99
Expires on: 17-Aug-12
Last Updated on: 12-Nov-08

Administrative Contact:
Timura, John dns@prographicssportswear.com
ProGraphics
PO Box 961
Islamorada, Florida 33036
United States
305-664-9122 Fax -- 305-664-8079

Technical Contact:
Timura, John dns@prographicssportswear.com
ProGraphics
PO Box 961
Islamorada, Florida 33036
United States
305-664-9122 Fax -- 305-664-8079

Domain servers in listed order:
NS.RACKSPACE.COM
NS2.RACKSPACE.COM

Let our Domain Buy Service
help you get it.

**$1.99 Domain Names**
Register a domain name
for only $1.99 with each
new, non-domain product.

**World-Class Web Hosting**
Fast, secure, reliable hosting
featuring 99.9% uptime, free
setup, 24/7 support & more!

**Safe, Personalized Email**
Get an easy-to-remember
email address with built-in
Fraud, Spam & Virus Protection.

Registry Status: clientDeleteProhibited
Registry Status: clientRenewProhibited
Registry Status: clientTransferProhibited
Registry Status: clientUpdateProhibited

See Underlying Registry Data
Report Invalid Whois

**Help and Support**
Telephone Support & Sales
Billing Support
Email Our Support Team
Frequently Asked Questions
User's Guides
Report Spam
Test Our Products

**Account Manager**
My Account
My Renewals
My Upgrades
Account Settings
Customer Information
Order History
Create Account

**Shopping**
★Offer Disclaimers
Domain Search
Catalog
Product Advisor
View Shopping Cart
Gift Cards
Go Daddy Mobile
Today's Offers
Go Daddy Marketplace™

**Resources**
WHOIS search
ICANN Confirmation
Web Mail
Affiliates
Link to Us
Gadgets/Widgets
Site Map
Radio Go Daddy

**About Go Daddy**
Careers
Security Center
Company Info
News Center
Customer Testimonials
What's New
View our Commercials
Legal
Marketing Proposals

GoDaddy.com is the world's No. 1 ICANN-accredited domain name registrar for .COM, .NET, .ORG, .INFO, .BIZ and .US domain extensions. Source: Name Intelligence, Inc. 2006

Copyright © 1999 - 2009 GoDaddy.com, Inc. All rights reserved.

# EXHIBIT D

# Pro Tech Software Solutions
## Onshore and Offshore Development



Home

About Us

Global Services

Enterprise Solutions

Clients

Careers

Contact Us

## About Us

**About Pro Tech Software Solutions**
Profile

**Staff**
Staff

**Differentiators**
Differentiators

**Locations**
Locations
USA
India

## Nirupama Shriranjan - CEO

Nirupama Shriranjan is CEO of Pro Tech Software Solutions. Nirupama brings 12 years of experience in both academia and business to the management team at Pro Tech Software Solutions. Nirupama holds a masters degree in international business administration from Himachal University and a bachelors degree from St. Bede's College, University of Shimla, India.

Email Address: Nirupama Shriranjan
Office Phone: (954) 665-9710

## Bhushan Kumar - President

Bhushan Kumar has Sixteen years of experience as a Researcher, IT Manager, Senior Management Consultant and entrepreneur. He has tremendous international experience, having worked for various globalin US, Europe and India. Bhushan holds a Masters degree from prestigious Jawaharlal Nehru University, and a Bachelors degree from Delhi University.

Email Address: Bhushan Thakur
Office Phone: (954) 483-3793

## Jitender Singh (Jay) - Director, Sales & Marketing

Jitender Singh has been a Project Manager for the last fifteen years. Jay's main area of expertise

is Sales and Marketing .

Email Address: Jitender Singh
Office Phone: (609)-509-0313

## Neeraj Thakur - CTO

Neeraj Kumar has been associated with the IT industry for the last fourteen years. Neeraj holds a computer science degree from Jawaharlal Nehru University, and has been associated with various international companies involved in IT outsourcing. Neeraj brings a wealth of II technical experience and knowledge to the company.

Email Address: Neeraj Thakur
Office Phone: (954) 237-5088

## Yamini Singh - Project Manager

Yamini Singh has been an IT Project Manager for the last eleven years. Yamini holds a computer science degree from Delhi University. Yamini's main area of expertise is IT outsourcing management.

Email Address: Yamini Singh
Office Phone: (856) 316-9564

Copyright 2007. Pro Tech Software Solutions Inc. All Rights Reserved. Site Designed by Pro Tech Software Solutions.

# EXHIBIT E

24/7 Sales & Support (480)505-8877

Create Account   Log in to Account:   Username/Customer #   Password

USD

| Domains | Hosting | Email | Site Builders | Business | SSL Certificates | Videos | Resellers | Support |

Bob's Blog

# WHOIS

## WHOIS Domain Check

## SEARCH RESULTS for:

Check to add these alternate *PROTECHSOFTSOLUTIONS* domain names.

Select All

- [ ] **.NET** $12.99*/yr
- [ ] **.ME** $14.99/yr SAVE!
- [ ] **.INFO** $0.99*/yr SAVE!
- [ ] **.ORG** $14.99*/yr
- [ ] **.MOBI** $7.99*/yr SAVE!
- [ ] **.BIZ** $14.99*/yr

Check to add these similar *PROTECHSOFTSOLUTIONS.COM* domain names.

Select All

- [ ] **THEPROTECHSOFTSOLUT** $9.99*/yr SAVE! IONS.COM
- [ ] **MYPROTECHSOFTSOLUTIONS.COM** $9.99*/yr SAVE!
- [ ] **NEWPROTECHSOFTSOLUT** $9.99*/yr SAVE! IONS.COM

- [ ] **FREEPROTECHSOFTSOLU** $9.99*/yr SAVE! TIONS.COM
- [ ] **BESTPROTECHSOFTSOLU** $9.99*/yr SAVE! TIONS.COM
- [ ] **PROTECHSOFTSOLUTIONSSIT** $9.99*/yr SAVE! E.COM

- [ ] **SITEPROTECHSOFTSOLU** $9.99*/yr SAVE! TIONS.COM
- [ ] **PROTECHSOFTSOLUTIONSONL** $9.99*/yr SAVE! INE.COM
- [ ] **ONLINEPROTECHSOFTSO** $9.99*/yr SAVE! LUTIONS.COM

- [ ] **PROTECHSOFTSOLUTIONSSTO** $9.99*/yr SAVE! RE.COM
- [ ] **STOREPROTECHSOFTSOL** $9.99*/yr SAVE! UTIONS.COM
- [ ] **PROTECHSOFTSOLUTIONSNO** $9.99*/yr SAVE! W.COM

Check to add these Premium domain names.

Select All

- [ ] SolutionTech.net $988.00
- [ ] ProTechConsultants.com $1,588.00
- [ ] ProTechSys.com $3,188.00

- [ ] SoftTea.com $699.00
- [ ] SoftDrinkCans.com $849.00
- [ ] CarbonatedSoftDrink.com $549.00

Interested in this

*Plus ICANN fee of $0.20 per domain name year.
** .CA domain names will be registered through Go Daddy Domains Canada, Inc., a CIRA certified registrar.

---

42 of 56

Go Daddy

ALERT, You have 4 domains expiring

Domains
Domain Manager

Email
Check My Web Mail
Free Products
Hosting
Show All My Products

Preferences
Account Settings
Customer Information
Order History
Pending Account Changes
My Downloads
Assign an AccountExec
Buyer Profiles
My Payment Information
Gift Card Balance
GoodAsGold Balance

Domain Related
Domain Transfers
Investor's Edge Domains
Domain Forwarding
Domain Monitoring/Backordering

Off-Site DNS Management

Web Site Tools
For Sale/Starter Web Page

Advertising Credits:
Facebook® . Google®, Microsoft®

Advertising secrets that pay off big!
An easy way to show some class.
Danica Patrick SB shower bloopers.

"Good stuff...fun and informative."
- Cape Cod Bri

$1.99* DOMAINS

No quantity limit! With every
new, non-domain product you buy**

The data contained in GoDaddy.com, Inc.'s WHOIS database,
while believed by the company to be reliable, is provided "as is"
with no guarantee or warranties regarding its accuracy. This
information is provided for the sole purpose of assisting you
in obtaining information about domain name registration records.
Any use of this data for any other purpose is expressly forbidden without the prior written
permission of GoDaddy.com, Inc. By submitting an inquiry,
you agree to these terms of usage and limitations of warranty. In particular,
you agree not to use this data to allow, enable, or otherwise make possible,
dissemination or collection of this data, in part or in its entirety, for any
purpose, such as the transmission of unsolicited advertising and
solicitations of any kind, including spam. You further agree
not to use this data to enable high volume, automated or robotic electronic
processes designed to collect or compile this data for any purpose,
including mining this data for your own personal or commercial purposes.

Please note: the registrant of the domain name is specified
in the "registrant" field. In most cases, GoDaddy.com, Inc.
is not the registrant of domain names listed in this database.

Registrant:
Pro Tech Software Solutions, Inc.

16387 SW 30 ST
Miramar, Florida 33027
United States

Registered through: GoDaddy.com, Inc. (http://www.godaddy.com)
Domain Name: PROTECHSOFTSOLUTIONS.COM
Created on: 15-May-08
Expires on: 15-May-09
Last Updated on: 15-May-08

Administrative Contact:
Kumar, Bhushan bhushan_kt@hotmail.com
Pro Tech Software Solutions, Inc.
16387 SW 30 ST
Miramar, Florida 33027
United States
(954) 483-3793

Technical Contact:
Kumar, Bhushan bhushan_kt@hotmail.com
Pro Tech Software Solutions, Inc.
16387 SW 30 ST
Miramar, Florida 33027
United States
(954) 483-3793

Domain servers in listed order:
NS37.DOMAINCONTROL.COM
NS38.DOMAINCONTROL.COM

domain name?
Let our Domain Buy Service
help you get it.

$1.99 Domain Names
Register a domain name
for only $1.99 with each
new, non-domain product.

World-Class Web Hosting
Fast, secure, reliable hosting
featuring 99.9% uptime, free
setup, 24/7 support & more!

Safe, Personalized Email
Get an easy-to-remember
email address with built-in
Fraud, Spam & Virus Protection.

This name is set to
expire!
Secure your chance to grab
this domain when it expires.

Registry Status: clientDeleteProhibited
Registry Status: clientRenewProhibited
Registry Status: clientTransferProhibited
Registry Status: clientUpdateProhibited

See Underlying Registry Data
Report Invalid Whois

**Help and Support**
Telephone Support & Sales
Billing Support
Email Our Support Team
Frequently Asked Questions
User's Guides
Report Spam
Test Our Products

**Account Manager**
My Account
My Renewals
My Upgrades
Account Settings
Customer Information
Order History
Create Account

**Shopping**
★ Offer Disclaimers
Domain Search
Catalog
Product Advisor
View Shopping Cart
Gift Cards
Go Daddy Mobile
Today's Offers
Go Daddy Marketplace™

**Resources**
WHOIS search
ICANN Confirmation
Web Mail
Affiliates
Link to Us
Gadgets/Widgets
Site Map
Radio Go Daddy

**About Go Daddy**
Careers
Security Center
Company Info
News Center
Customer Testimonials
What's New
View our Commercials
Legal
Marketing Proposals

GoDaddy.com is the world's No. 1 ICANN-accredited domain name registrar for .COM, .NET, .ORG, .INFO, .BIZ and .US domain extensions. Source: Name Intelligence, Inc. 2006

Copyright © 1999 - 2009 GoDaddy.com, Inc. All rights reserved.

# EXHIBIT F

**From:** Alok Kumar [mr.alokk@gmail.com]
**Sent:** Tuesday, March 17, 2009 10:11 AM
**To:** Atal Bansal
**Subject:** Fwd: 7 pillars

---------- Forwarded message ----------
From: **safirs@protechsoftsolutions.com** <safirs@protechsoftsolutions.com>
Date: Mar 17, 2009 7:55 AM
Subject: RE: 7 pillars
To: ritu.gulati@protechsoftsolutions.com, mr.alokk@gmail.com
Cc: nthakur@protechsoftsolutions.com

Hi Ritu,

Please make sure that we get the popup layer perfectly working by beginning of day tomorrow. We need to move it to production.

Regards,

Safir

---

**From:** John Timura [mailto:john@prographicssportswear.com]
**Sent:** Monday, March 16, 2009 5:56 PM
**To:** safirs@protechsoftsolutions.com
**Subject:** 7 pillars

How do we look?  I want to get this launched by tomorrow at the latest...

John

--
Regards.
Alok Kumar

M: +91 9868329162
IM: mr.alokk (yahoo)
     mr.alokk (skype)

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

| CIVIL DIVISION | CIVIL ACTION SUMMONS (En Espanol al Dorso) (Francais Au Verso) | CASE NUMBER 0901871 0 |
|---|---|---|
| **PLAINTIFF** Chetu, Inc. | **v. DEFENDANT** Mohamed Safir Salihu, Neeraj Kumar a/k/a Neeraj Thakur, Bhushan Kumar, Pro Tech Software Solutions, Inc. | CLOCK IN P.S. 4/2 12.52 pm **25** |
| To Defendant: **Pro Tech Software Solutions, Inc.** | **Address: c/o Nirupama Shriranjan, Registered Agent** **16387 SW 30th Street** **Miramar, Florida 33025** | |

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you; your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, located at:

Clerk of the Court
201 S.E. 6th Street
Fort Lauderdale, Florida 33301
(954)831-6565

You must also mail or take a copy of your written response to the person named below and file your response to the Court,

**AMERICANS WITH DISABILITIES ACT OF 1990**
In accordance with The Americans With Disabilities Act of 1990 (ADA), persons with disabilities needing a special accommodation to participate in this proceeding should contact the Court ADA Coordinator at 201 S.E. 6th Street, Fort Lauderdale, FL 33301, Telephone: 954-831-6565, or if hearing or speech impaired, TDD/TTY: 305-375-2007, within two (2) days of your receipt of this legal notice. If hearing or voice impaired, you may also call TDD/TTY: 800-955-8771 via Florida Relay Service.

| Plaintiff/Plaintiff's Attorney: Paul D. Turner, Esq. | Address: 200 South Andrews Avenue, Suite 600 Fort Lauderdale, FL 33301 |
|---|---|

TO EACH SHERIFF OF THE STATE OF FLORIDA:

BEVERLY WASHINGTON

| HOWARD C. FOREMAN CLERK OF THE COURT | By: DEPUTY CLERK TRUE COPY Circuit Civil | DATE MAR 31 2009 |
|---|---|---|

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefónica no lo protegerá; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la quía telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney." (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont été entreprises contre vous.  Vous avez 20 jours consécutifs à partir de la date de l'assignation de cette citation pour déposer une reponse écrite à la plainte ci-jointe auprès de ce tribunal.  Un simple coup de téléphone est insuffisant pour vous protéger; vous êtes obligé de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne déposez pas votre reponse écrite dans le délai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun préavis ultérieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requérir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez téléphoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant à l'annuaire de téléphones).

Si vous choisissez de deposer vous-même une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir ou expédier une copie de votre response ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nommé ci-dessous

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CHETU, INC.,

CASE NO.: 09-18710 (25)

     Plaintiff,

vs.

MOHAMED SAFIR SALIHU, NEERAJ
KUMAR a/k/a NEERAJ THAKUR,
BHUSHAN KUMAR, PRO TECH
SOFTWARE SOLUTIONS, INC.,

     Defendants.

_____/

## PLAINTIFF'S EMERGENCY MOTION FOR
## ENTRY OF TEMPORARY INJUNCTION

Plaintiff, CHETU, INC. ("**Chetu**"), moves this Honorable Court for a temporary injunction against the Defendants, MOHAMED SAFIR SALIHU ("**Salihu**"), NEERAJ KUMAR a/k/a NEERAJ THAKUR ("**N. Kumar**"), BHUSHAN KUMAR ("**B. Kumar**"), and PRO TECH SOFTWARE SOLUTIONS, INC. ("**Pro Tech**") (collectively, "**Defendants**"), and states:

### Introduction

Chetu is prosecuting claims relating to: (i) the Defendants' misappropriation of trade secrets, including Chetu's customer lists and data; (ii) the Defendants' knowing and intentional interception of electronic communications from Chetu's protected computers and network and use of same; (iii) the Defendants' intentional access of Chetu's protected computers without authorization and acquisition of information from protected computers; (iv) the Defendants' intentional – and unjustified – interference with several of Chetu's business relationships; (v) the Defendants' civil conspiracy to act in concert with the purpose of misappropriating Chetu's confidential information and trade secrets,

1

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

use them in a scheme of unfair competition with Chetu, solicit Chetu's existing and prospective customers with work product, products, and materials that were the property of Chetu, and otherwise interfere with Chetu's advantageous business relationships, network and protected computers; (vi) Salihu and N. Kumar's breach of non-compete and confidentiality agreements; (vii) the Defendants' misappropriation of confidential material, including trade secrets, belonging to Chetu, thereby conferring upon themselves a benefit that is at once to the detriment of Chetu; and (viii) Salihu and N. Kumar's conversion of Chetu's property. In furtherance of such, Chetu seeks to enforce its contractual and statutory rights and seeks entry of a temporary injunction.

## Background

1.    Chetu filed its Verified Complaint on March 31, 2009. The allegations of Chetu's Verified Complaint are incorporated here by reference.

2.    As more fully alleged in Chetu's Verified Complaint, Salihu and N. Kumar are former employees of Chetu.

3.    Salihu's employment ended on March 10, 2009, and N. Kumar's employment ended shortly thereafter, on March 16, 2009.

4.    Both Salihu and N. Kumar had agreed to several restrictive covenants, including the following by Salihu:

> [Y]ou agree that after you leave the company, you will not work directly, or indirectly, as an employee, sub-contractor, owner, co-owner of a business, or in any other form, for the company's client for whom you have provided services for or have been introduced through Chetu and that this restrictive covenant will be in force for a period of twelve months after your employment with the company ends.

(Compl., Comp. Exh. A).

2

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

5.    As more fully described in Chetu's verified pleading, N. Kumar and Salihu were both improperly "moonlighting" with Pro Tech, the company founded and run N. Kumar's brother, B. Kumar. More importantly, however, their work for a competitor of Chetu – Pro Tech – was for servicing Chetu's clients in violation of the non-competition and confidentiality terms agreed to by both N. Kumar and Salihu. *See* Compl. ¶¶ 12-16, Comp. Exhs. A, B.

6.    Salihu and N. Kumar unfairly competed with Chetu during the course of their employment , including by soliciting Chetu's customers to use the services of Pro Tech, using their knowledge of Chetu's pricing to undersell Chetu, and possibly in misappropriating Chetu's trade secrets to pass off product and intellectual property to Chetu's current and prospective customers. Pro Tech and its President, B. Kumar, were complicit in this unfair competition, and were perfectly knowledgeable of the inherent wrong-doing. Upon information and belief, Pro Tech and B. Kumar have solicited other Chetu employees to unfairly compete with Pro Tech against Chetu.

7.    By way of example, Defendants have improperly inserted in themselves in between Chetu and its client, Prographics Sportswear and Party Favors, Inc.

8.    Salihu has improperly accessed Chetu's protected computers. Upon termination and without notice, Salihu changed the access credentials of the third-party LogMeIn account that was created using Chetu credentials. The LogMeIn account was used by Chetu to access computers of its customers or other computers within Chetu's network from outside. Salihu then used that mechanism to infiltrate Chetu's protected computer network systems.

3

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

51 of 56

9.     During the course of his employment with Chetu, N. Kumar was provided with access to and the use of a Dell laptop.  Chetu has made numerous demands for the return of the laptop, to no avail.

10.     Salihu was over paid by Chetu in the amount of $1,081.82.  Chetu has made a demand for the return of the amount of the over payment, to no avail.

### Applicable Law

11.     The Florida Uniform Trade Secret Act provides that actual or threatened misappropriation may be enjoined, and that an injunction may be continued for an additional reasonable period of time in order to eliminate commercial advantage that otherwise would be derived from the misappropriation.  § 688.003(1), Florida Statutes (2008).

12.     It is well-settled under Florida law that the work product, customer lists and data at issue in this case are trade secrets.  *See Unistar Corp. v. Child*, 415 So. 2d 733, 734 (Fla. 3d DCA 1982); *Benada Aluminum v. Rodriguez*, 712 So. 2d 438, 439 (Fla. 3d DCA 1998).  Like the protected trade secrets in those cases, the customer lists and data at issue in this case was compiled at great time and expense, and include information that is not publicly available.  Upon information and belief, Defendants have also misappropriated source code and other Chetu trade secrets that Defendants intend to peddle to Chetu's current or prospective customers.

13.     Misappropriation of Chetu's work product, customer lists and data cause irreparable damage to Chetu. Further, the interference with Chetu's customer relationships and protected computer networks causes Chetu irreparable harm.

4

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

52 of 56

14.     For the reasons and evidence presented, Chetu has established a likelihood of success on the merits.

15.     The entry of a temporary injunction in this action will not be adverse to the public interest for several reasons, including that Florida law promotes the protection of trade secrets and empowers the victims of misappropriation of trade secrets to seek injunctive relief. § 688.003, Fla. Stat. (2008).

WHEREFORE, Chetu, Inc. respectfully requests that this Honorable Court enter a temporary injunction and order that:

(1)     Salihu and N. Kumar shall immediately terminate their employment and business associations with Pro Tech and any affiliates or related entities;

(2)     Salihu and N. Kumar shall immediately terminate their services or other relationships with Prographics Sportswear and Party Favors, Inc. and any former, current, or prospective clients of Chetu, including those for whom they have provided services for or have been introduced through Chetu for a period twelve months from their respective termination dates;

(3)     Salihu and N. Kumar shall immediately surrender all of Chetu's confidential information or material, including trade secrets and "Confidential Information" as that term is defined in their respective agreements with Chetu, passwords and usernames, and certify that they have destroyed copies of same;

(4)     Salihu and N. Kumar shall immediately disclose all "Works" as that term is defined in their respective agreements with Chetu;

(5)     Salihu and N. Kumar shall not convey any confidential material belonging to Chetu to any third party prior to its surrender or destruction;

5

(6)     Salihu and N. Kumar shall immediately cease and desist in accessing Chetu's protected computers and systems, and shall otherwise cease and desist in intercepting electronic communications from Chetu's computer systems;

(7)     Pro Tech and B. Kumar shall immediately surrender all of Chetu's confidential information or material, including trade secrets, passwords, usernames, in their possession, custody, or control and certify that they have destroyed copies of same;

(8)     Defendants shall not solicit any Chetu employee to work for any domestic competitor of Chetu, including Pro Tech, or otherwise solicit Chetu's employees to provide services in contravention of their respective agreements with Chetu;

(9)     Defendants shall not engage in any communication with Chetu's former, current, or prospective customers for the purposes of interfering with Chetu's business relationships;

(10)    Impose a constructive trust on $1,081.82 of funds in the custody of Salihu until such time as Chetu's conversion count relating to those monies is resolved;

(11)    N. Kumar shall immediately surrender the Dell laptop provided to him by Chetu;

(12)    Hold that Defendants' failure to follow this Court's order will subject them to sanction up to and including penalties for Contempt of Court; and

(13)    Grant such other and further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail and Federal Express on April 1, 2009, on Defendants:

6

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

Bhushan Kumar
16387 SW 30th Street
Miramar, FL 33027

Mohamed Safir Salihu
889 NW 208th Terrace
Pembroke Pines, FL  33029

Neeraj Kumar
4928 SW 165th Avenue
Miramar, FL  33027

Pro Tech Software Solutions, Inc.
c/o Nirupama Shriranjan, R.A.
16387 SW 30th Street
Miramar, Florida 33025

PERLMAN, YEVOLI & ALBRIGHT, PL
*Counsel for Chetu, Inc.*
200 South Andrews Ave., Suite 600
Fort Lauderdale, Florida 33301
T: 954.566.7117
F: 954.566.7115

By: _____
Paul D. Turner
FBN: 0113743
E-Mail: pturner@pyalaw.com
Joshua Spector
FBN: 0584142
E-Mail: jspector@pyalaw.com

**PERLMAN, YEVOLI & ALBRIGHT, P.L.**
200 South Andrews Avenue, Suite 600, Fort Lauderdale, Florida 33301 – (954) 566-7117

**JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as requi
by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Co
the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Case**

## I. (a) PLAINTIFFS

CHETU, INC.,

**DEFENDANTS**

MOHAMED SAFIR SALIHU, NEERAJ KUMAR a/k/a NEERAJ
THAKUR, BHUSHAN KUMAR, PRO TECH SOFTWARE ☐

**(b)** County of Residence of First Listed Plaintiff   Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Defendants
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

Jennifer J. Ator, HANKINS & ATOR, PL, 371 N. Royal Poinciana
Blvd., Miami Springs, FL 33166 ☐

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ✓ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

✓ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

FTL 09CV 60588  Cohn/Se___

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**

☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**

☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**

☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
✓ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

a) Re-filed Case ☐ YES ✓ NO      b) Related Cases ☐ YES ☐ NO

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page): JUDGE                    DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Federal Computer Fraud and Electronic Communications Interceptions

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☐ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
April 17, 2009

FOR OFFICE USE ONLY
AMOUNT $350.00    RECEIPT # 99945___

04/21/09