UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60588-CIV-COHN/SELTZER

CHETU, INC.,

    Plaintiff,

vs.

MOHAMED SAFIR SALIHU, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO COMPEL

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Documents from Plaintiff that It Intends to Rely on During the Hearing on May 8, 2009 [DE 12] ("Motion to Compel"). The Court has considered the Motion, Plaintiff's Response [DE 18], Defendants' Reply [DE 20] and is otherwise advised in the premises.

The Motion to Compel seeks production of the documents Plaintiff intends to rely on during the hearing on May 8, 2009. Plaintiff's Response states that it does not oppose producing the documents, but requests that any relief granted should apply equally to all parties. Plaintiff also seeks an Order requiring that "the parties should endeavor to agree to a confidentiality agreement that includes attorneys-only provisions for protection of material including, but not limited to, customer lists." Defendants argue that such an agreement is "impossible" under these circumstances because the Plaintiff has waived its right to maintain the confidentiality of the documents when it brought its claim under the Uniform Trade Secret Act. See Del Monte Fresh Produce Co. v. Dole Food Co. Inc., 148 F.Supp.2d 1322 (S.D. Fla. 2001). In addition, Defendants argue that they should have an opportunity to review

the documents produced by Plaintiff before providing documents of their own to Plaintiff.

With respect to the timing, the parties shall be given the same deadline to produce the documents which they intend to rely on at the May 8, 2009 hearing. Turning to the confidentiality agreement, there is insufficient information for the Court to enter a specific Order on this issue. Nevertheless, the parties should consider the following points and work in good faith to resolve this issue as soon as possible. First, the burden is on the Plaintiff at the May 8, 2009 hearing and the Plaintiff will need to produce sufficient evidence to meet that burden. Second, the parties may enter into a protective order, authorized by the Court, that will restrict the use of any information exchanged. Third, the parties will have an opportunity to discuss this issue before United States Magistrate Judge Barry Seltzer at the conference scheduled on May 5, 2009 and with the undersigned on the day of the hearing. However, the parties are strongly encouraged to resolve this issue on their own and reminded that they should seek judicial intervention solely on the basis of good faith disputes. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel is **GRANTED in part**. The parties shall exchange all documents they intend to rely upon, including documents for impeachment purposes, at the May 8, 2009 hearing **no later than 12:00 p.m. on May 6, 2009**. It is further

**ORDERED AND ADJUDGED** that the parties should endeavor to agree to a confidentiality agreement regarding the documents exchanged in connection with the May 8, 2009 hearing.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 5th

day of May, 2009.

                                                JAMES I. COHN
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record via CM/ECF