UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60588-CIV-COHN/SELTZER

CHETU, INC.,

    Plaintiff,

vs.

MOHAMED SAFIR SALIHU, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOHAMED SAFIR SALIHU'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Mohamed Safir Salihu's Motion to Dismiss [DE 44]. The Court has considered the Motion to Dismiss, Plaintiff's Response [DE 49], Defendant Mohamed Safir Salihu's Reply [DE 50], the record in this case, and is otherwise advised in the premises.

On March 31, 2009, Chetu, Inc. ("Chetu") filed its Verified Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Verified Complaint alleges claims for violations of the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001 et seq., the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the Electronic Communications Interceptions Act, 18 U.S.C. § 2511, and for Injunctive Relief, Tortious Interference with an Advantageous Business Relationship, Civil Conspiracy, Unjust Enrichment, Breach of Contract and Conversion. Defendants Neeraj Kumar a/k/a Neeraj Thakur ("N. Kumar"), Bhushan Kumar ("B. Kumar") and Pro Tech Software Solutions, Inc. ("Pro Tech") removed the case to this Court on April 21, 2009. After initial difficulties, Defendant Mohamed Safir Salihu ("Salihu") was served on

May 18, 2009.

Salihu filed the instant Motion to Dismiss [DE 44] on June 8, 2009 seeking dismissal of Plaintiff's claims for (1) unjust enrichment, (2) injunctive relief and (3) conversion. Salihu's Motion to Dismiss succinctly states: "First, the cause of action sounding in unjust enrichment is preempted by the Florida Uniform Trade Secrets Act ("FUTSA"). Second, the cause of action sounding in injunctive relief is not only also preempted by FUTSA, but it is also impermissibly split into separate causes of action with separate demands for recovery when the allegations should . . . merely be requested as a remedy in the violation of trade secret cause of action and as a separate remedy in the breach of contract cause of action. Third, the conversion cause of action is subject to dismissal because it fails to state a cause of action." (Motion at 3-4.)

## 1.     Unjust Enrichment

Salihu argues that the unjust enrichment claim is preempted by the FUTSA. The provision regarding damages contained in the FUTSA provides that "[d]amages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss." Fla. Stat. § 688.004. Salihu cites case law interpreting this provision as precluding a separate cause of action for unjust enrichment when the underlying claim sounds in a violation of FUTSA. (Motion at 5-6.)

Plaintiff responds by arguing that "[b]ecause Chetu's unjust enrichment claim conceivably makes claims on a broader set of rights than does Chetu's FUTSA claim, the unjust enrichment claim should survive as an alternative to its breach of contract

claim." (Response at 2.) Chetu makes both contractual and quasi-contractual claims for Salihu's misappropriation of all confidential material, which might prove to be a broader field of material than what FUTSA defines as "trade secrets." Moreover, without any discovery taken, it is premature to identify the particulars of the information Salihu misappropriated. (See id. at 4.)

The Court will deny Salihu's Motion to Dismiss with respect to Plaintiff's unjust enrichment claim at this stage in the litigation. However, the Court agrees that the unjust enrichment claim is, in part, precluded by FUTSA. Therefore, the unjust enrichment claim survives only as to confidential information.

### 2.   Injunctive Relief

FUTSA also authorizes a plaintiff to seek injunctive relief. Thus, Salihu argues that the Court should preclude the "statutory" claim for injunctive relief as being duplicative and improper claim splitting from the FUTSA claim and the breach of contract claim alleged in the Complaint. (Motion at 7.) In other words, Plaintiff states "Injunctive Relief" as a separate cause of action when it is actually a remedy for the alleged breach of contract and the alleged violation of FUTSA. Plaintiff's Response argues that injunctions may be ancillary to relief sought under another cause of action or may be the sole relief. (Response at 5.)

Plaintiff has not identified what, if anything, it stands to gain from having a separate claim for injunctive relief. Accordingly, the Court will dismiss Plaintiff's claim for injunctive relief.

3.  **Conversion**

Salihu's Motion briefly argues that the elements of a conversion claim are (1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein. The Complaint "clearly does not allege the elements to allege a conversion claim," therefore, the claim should be dismissed without prejudice. (Motion at 9.)

Plaintiff's Response states that its conversion claim is based on allegations that Salihu was overpaid by Chetu in the amount of $1,081.82 and Chetu has made numerous demands for return of the overpayment to no avail. (Response at 7.) "While the count does not overtly trace the language of the authority cited by Salihu, the substance of these elements is certainly present . . . sufficient to meet the 'fair notice' pleading standard of Rule 8(a)(2)." (Id.)

The Court finds that the conversion claim meets the notice pleading standard of the Federal Rules of Civil Procedure. See Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007).

In light of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Defendant Mohamed Safir Salihu's Motion to Dismiss [DE 44] is **GRANTED in part and DENIED in part**.
    a.  The Motion is denied with respect to the unjust enrichment claim. However, the Plaintiff's unjust enrichment claim survives only as to confidential information.

4

      b.      The Motion is granted with respect to the claim for injunctive relief.

      c.      The Motion is denied with respect to the conversion claim.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 3rd day of July, 2009.

*[signature]*

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF