UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60588-CIV-COHN/SELTZER

CHETU, INC.,

    Plaintiff,

vs.

MOHAMED SAFIR SALIHU, et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT OF AFFIRMATIVE DEFENSES, ALTERNATIVELY, MOTION TO STRIKE AFFIRMATIVE DEFENSES

**THIS CAUSE** is before the Court on Plaintiff's Motion for More Definite Statement of Affirmative Defenses, Alternatively, Motion to Strike Affirmative Defenses [DE 48]. The Court has considered the Motion, Defendants Neeraj Kumar a/k/a Neeraj Thakur, Bhushan Kumar, and Pro Tech Software Solutions, Inc.'s Opposition [DE 57], the record in this case, and is otherwise fully advised in the premises.

### I. LEGAL STANDARD

An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989). Rule 12(f) provides that a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "'[a] motion to strike is a drastic remedy,' which is disfavored by the courts."

1

Thompson v. Kindred Nursing Ctrs. E., LLC, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting Augustus v. Bd. of Pub. Instruction of Escambia County, Fla., 306 F.2d 862, 868 (5th Cir. 1962)). Accordingly, motions to strike are usually "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008) (citations and internal quotations omitted). An affirmative defense may be stricken if it is insufficient as a matter of law. See Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." Id. (citations omitted).

Affirmative defenses are also subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); Holtzman v. B/E Aerospace, Inc., No.08-80748-CIV, 2008 WL 2225668, at * 2 (S.D. Fla. May 29, 2008) (lack of specificity of affirmative defenses is best dealt with under Rule 12(e)).

## II. ANALYSIS

Plaintiff filed a ten-count Complaint. See DE 1. Defendants Neeraj Kumar a/k/a Neeraj Thakur, Bhushan Kumar, and Pro Tech Software Solutions, Inc. (collectively, "Defendants") responded with thirty-two affirmative defenses. See DE 37. Plaintiff then moved for a more definite statement and/or to strike twenty-eight of those affirmative defenses. The Court will address these affirmative defenses below, grouping together certain defenses where appropriate.[1]

The following statements included in Defendants' Answer and Affirmative Defenses are denials rather than affirmative defenses:

1. Actions of N. Kumar and Salihu during their employment do not qualify as unlawful under 18 U.S.C. §1030.

2. Defendant N. Kumar, B. Kumar, and Pro Tech are not liable for any actions of Salihu.

8. Counts I, II, III, IV, V, VI, VIII, IX, and X fail to state a claim upon which relief can be granted.

9. The trade secret claim is barred because the "customer list" is not a trade secret.

10. Chetu does not have a customer list to protect.

11. Chetu's alleged trade secrets do not belong to Chetu and therefore, are not Chetu's trade secrets and not protected by the statute.

12. Defendant N. Kumar, B. Kumar, and Pro Tech do not have, and never have had, any alleged trade secret of Plaintiff.

13. Injunctive relief is improper because there is not sufficient evidence to support the extraordinary remedy requested.

---

[1] The Court notes that Plaintiff did not take issue with Defendants' affirmative defenses nos. 6, 14, 27 and 32.

3

15. Chetu's 18 U.S.C. §1030 claim is barred because as a matter of law Defendants did not access protected computers without authorization.

16. Chetu's 18 U.S.C. §1030 claim is barred because as a matter of law Defendants did not access protected computers and obtain information from protected computers.

17. Chetu's 18 U.S.C. §1030 claim fails because it fails to assert, and cannot prove, that computers accessed by Defendants were Chetu's computers and information accessed on third party computers was property of Chetu.

18. Chetu's Electronic Communications Privacy Act claim is barred because Defendants did not intentionally intercept an electronic communication.

19. Chetu's Electronic Communications Privacy Act claim is barred because Defendants did not intercept an electronic transmission in violation of the Act. As a matter of law, the accessing of data in a database is not an interception of an electronic transmission "during flight" as required by the Statute.

20. Chetu's Electronic Communications Privacy Act claim is barred as an unauthorized access to a secure website's contents in their stored start does not constitute an interception of an electronic communication in violation of the Act.

21. The tortuous interference with advantageous business relationship claim is barred as Defendants did nothing more than lawfully compete with Chetu.

22. The tortuous interference with advantageous business relationship claim is barred as it has not proven the existence of an actual business relationship and failed to establish the existence of an actual and identifiable understanding or agreement with prospective business relationships.

24. Chetu is not entitled to any damage because it has not suffered any as the results of any acts by Defendants.

25. Chetu's civil conspiracy claim fails because there was not intent to conspire.

26. Chetu's civil conspiracy claim fails because there is no underlying tort upon which the claim can rely.

4

28. Chetu's conversion claim fails because there was not an intentional conversion of any item by N. Kumar.

29. Chetu's unjust enrichment claim fails because there has been no benefit conferred upon the Defendants.

30. Chetu's unjust enrichment claim fails because Chetu has suffered not detriment as a result of the actions by Defendants.

31. Chetu's unjust enrichment claim fails because Defendants did not misappropriate any confidential material.

32. Chetu's unjust enrichment claim fails because there is a contract that governs the rights of the parties and therefore, Chetu cannot recover under a theory of unjust enrichment.

The above statements, although labeled as affirmative defenses, allege a defect in Plaintiff's *prima facie* case. In other words, these assertions in Defendants' Answer and Affirmative Defenses are denials of Plaintiff's claim rather than an affirmative defense. See Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc., No. 8:08-cv-1048-T-24 EAJ, 2008 WL 3927265, at *3 (M.D. Fla. Aug. 21, 2008). "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1269 (3d ed. 2004). When this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial. Home Management Solutions, Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007); Ohio Nat'l Life Assurance Corp. v. Langkau, No. 3:06-cv-290-J-20MCR, 2006 WL 2355571, at *2 (M.D. Fla. Aug. 15, 2006). Accordingly, the Court will treat Defendants' affirmative defenses nos. 1-2, 8-13, 15-22, 24-26, and 28-32 as denials and will not strike them.

Plaintiff also moves for a more definite statement and/or to strike the following

affirmative defenses based on the contract with Defendant Neeraj Thakur:

> 3. Chetu does not have a legitimate business interest sufficient to enforce the contract with N. Kumar as written.
>
> 4. The contract with N. Kumar is overly broad.
>
> 5. The contract with N. Kumar violates public policy and federal antitrust laws.

The Court finds that these statements are vague and indefinite. Defendants must explain what specific provision in the contract is overly broad or violates public policy. Defendants also must explain why Plaintiff must have a legitimate business interest to enforce the contract with Mr. Kumar and also identify whether this statement pertains to a particular provision or the contract as a whole.

Plaintiff moves to strike Defendants' affirmative defense no. 7 arguing that it violates the requirements of Rule 9(b) of the Federal Rules of Procedure, which requires that fraud be pled with particularity. The affirmative defense reads:

> 7. N. Kumar was fraudulently induced into signing the contract in 2002 because he believed he was signing a contract only related to his employment at Verizon.

There is nothing in the language of Rule 9(b) which would exempt affirmative defenses from the particularity requirement. Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Moreover, Defendants do not contest that Rule 9(b) applies to their affirmative defenses. Defendants, however, argue that affirmative defense no. 7 satisfies the requirements of Rule 9(b). The Court disagrees. For this affirmative defense to stand, Defendants must at a minimum provide Plaintiff with notice of the individual(s) who engaged the alleged fraud. Defendants should also

provide any additional details recalled by Mr. Kumar such as the content of the fraudulent statements and where and when they were made.

In addition, Plaintiff argues that the following affirmative defense is "too vague to permit Chetu to conduct discovery or address the defense:"

> 23. Chetu's claims, to the extent they seek equitable relief, are barred because Chetu comes to this court with unclean hands.

The Court agrees that Defendants must state in short and plain terms why "Chetu comes to this court with unclean hands." Defendants are obligated to provide fair notice of the nature of the defense and the grounds upon which it rests.

Finally Plaintiff moves to strike the following statement:

> 33. Defendants reserve the right to amend, correct, or supplement these affirmative defenses pursuant to the Rules of Civil Procedure as additional affirmative defenses become known.

This statement is clearly not an affirmative defense and it will not be treated as such.

### III. CONCLUSION

In light of the foregoing reasons, it hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for More Definite Statement of Affirmative Defenses, Alternatively, Motion to Strike Affirmative Defenses [DE 48] is **GRANTED in part and DENIED in part.**

   a. Defendants' affirmative defenses nos. 1-2, 8-13, 15-22, 24-26, and 28-32 will be treated as denials and will not be stricken.

   b. Defendants must provide more definite statements with respect to affirmative defenses nos. 3-5, 7 and 23 in accordance with this

7

Order. If Defendants fail to do so, the Court will strike these affirmative defenses.

    c. Defendants' affirmative defense no. 33 is not an affirmative defense and will not be stricken.

2. Defendants shall provide more definite statements with respect to affirmative defenses nos. 3-5, 7 and 23 **on or before November 16, 2009.**[2]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of October, 2009.

                                                        JAMES I. COHN
                                                        United States District Judge

Copies to:

Counsel of record via CM/ECF

---

    [2] On October 14, 2009, the Court entered and Order Granting Motion to Withdraw as Counsel for Defendants [DE 65], which provided Defendants until November 2, 2009 to have substitute counsel file a notice of appearance on behalf of Pro Tech Software Solutions, Inc.