UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60588-CIV-COHN/SELTZER

CHETU, INC.,

    Plaintiff,

vs.

MOHAMED SAFIR SALIHU, NEERAJ KUMAR
a/k/a NEERAJ THAJUR, BHUSHAN KUMAR,
PRO TECH SOFTWARE SOLUTIONS, INC.,

    Defendants.
_____/

### ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S VERIFIED MOTION FOR ATTORNEY'S FEES AND COSTS

**THIS CAUSE** is before the Court on Plaintiff's post-trial Verified Motion for Attorney's Fees and Costs [DE 165] ("Motion"). The Court has carefully considered the Motion, the Pro Tech Defendants' Response [DE 166],[1] Plaintiff's Reply [DE 167], the parties' related submissions, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff Chetu, Inc. ("Chetu") alleged that the Pro Tech Defendants entered into a civil conspiracy with Co-Defendant Mohamed Safir Salihu to misappropriate Plaintiff's trade secrets and tortiously interfere with Plaintiff's business relationships. Prior to trial, Plaintiff entered into a settlement agreement with Mr. Salihu. See DE109. Thereafter,

---

[1] The "Pro Tech Defendants" consist of Defendants Neeraj Kumar a/k/a Neeraj Thakur ("N. Kumar"), Bhushan Kumar ("B. Kumar") and Pro Tech Software Solutions, Inc. ("Pro Tech").

Plaintiff proceeded to trial against the Pro Tech Defendants where the jury found in favor of Plaintiff and against the Pro Tech Defendants. See DE 149. The jury found that Plaintiff was entitled to compensatory damages in the amount of $179,586. Id. The jury also awarded Plaintiff $100,000 in punitive damages, $70,000 of which was related to N. Kumar and B. Kumar's conduct. Id.[2] The Court entered the Final Judgment on April 7, 2010. DE 164.

On April 26, 2010, Plaintiff timely filed the instant Motion for attorney's fees and costs. Plaintiff asserts that because of "the jury's finding that B. Kumar and N. Kumar, along with settling-defendant Mohamed Safir Salihu, are 'guilty of willful and malicious conduct in misappropriating [Chetu's] trade secrets,' Chetu is entitled to an award of attorney's fees under Section 688.005, Fla. Stat. (2010)." DE 165 at 4. Plaintiff also contends, that as a prevailing party, it is entitled to an award of costs pursuant to 28 U.S.C. § 1920. Id.

## II. ATTORNEY'S FEES

The Motion seeks to recover attorney's fees in the amount of $155,263.50 pursuant to Fla. Stat. § 688.005. It is true that a requisite element of the statute has been met, i.e., a finding of "willful and malicious misappropriation." Nevertheless, as discussed below, the Court holds the ultimate discretion to determine whether to issue an award of attorney fees.

---

[2] Post-trial, the Court entered an Order which set off the Final Judgment based on the amount Mr. Salihu agreed to pay in his settlement agreement with Plaintiff. DE 160.

## 1. The Court has Discretion Under the Florida Uniform Trade Secrets Act

### A. Statutory Authority

Section 688.005 of the Florida Uniform Trade Secrets Act ("FUTSA") states as follows:

> If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court *may* award reasonable attorney's fees to the prevailing party.

Fla. Stat. § 688.005 (emphasis added). Usage of the word "may" in statutory construction signifies discretionary authority. In construing the plain language of similarly constructed fee-shifting statutes, the Supreme Court has held that "the word 'may' clearly connotes discretion." Fogarty v. Fantasy Inc., 510 U.S. 517, 524 (1994).

In Fogarty, the Supreme Court denounced automatically awarding attorney's fees in the face of discretionary authority. Id. To "pretermit the exercise of that discretion," it reasoned, would be a "bold departure from traditional practice" and contrary to "American Rule." Id. Relying on its previous decision in Isbrandtsen Co. v. Johnson, 343 U.S. 779 (1952), the Court explained, "'[s]tatutes which invade the common law . . . are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident.'" Id. (quoting Isbrandtsen, 343 U.S. at 783).

### B. Legislative Intent

Florida adopted its attorney's fee provision of FUTSA in almost identical form

from the Model Uniform Trade Secrets Act ("Model Act").[3] Commentary to Section 4 of the Model Act notes the following:

> Section 4 allows a court to award reasonable attorney fees to a prevailing party in specified circumstances as a deterrent to specious claims of misappropriation, to specious efforts by a misappropriator to terminate injunctive relief, and to willful and malicious misappropriation. In the later situation, the court should take into consideration the extent to which a complainant will recover exemplary damages in determining whether additional attorney's fees should be awarded. Again, patent law is followed in allowing the judge to determine whether attorney's fees should be awarded even if there is a jury . . . .

Unif. Trade Secrets Act § 4 cmt. (1985). The clear suggestion of the commentary is that the courts have discretion in determining whether attorney's fees should be awarded. Furthermore, in declaring the deterrent purposes of the attorney's fee award, the Comment implies that there is an overlap with the purposes of an award of exemplary damages. The Comment refers to patent law, which allows a court to enhance damages when there is a finding of willful infringement. See Powell v. Home Depot U.S.A., Inc., No. 07–80435-CIV, --- F. Supp. 2d ---, 2010 WL 2164034, at *8 (S.D. Fla. May. 28, 2010) (citing 35 U.S.C. § 284). "The decision whether to enhance damages is in the sound discretion of the court." Id. (citing Juicy Whip, Inc. v. Orange Bang, Inc., 382 F.3d 1367. 1370 (Fed. Cir. 2004)). "'A finding of willfulness does not require an award of enhanced damages; it merely permits it.'" Id. (quoting In re Seagate Tech., LLC., 497 F.3d 1360, 1368 (Fed. Cir. 2007)).

---

[3] Section 4 of the Model Act states: "If (i) a claim of misappropriation is made in bad faith, (ii) a motion to terminate an injunction is made or resisted in bad faith, or (iii) willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." Unif. Trade Secrets Act § 4 (1985).

### C. Case Law

As applied to trade secret litigation, jurisdictions which have adopted either identical or substantially similar versions of the Model Act, have held that the statutory language vests a trial court with discretion to award attorney's fees notwithstanding a finding of "willful and malicious appropriation." Chemtall GMBH v. ZR Energy, Inc., No. 99-C334, 2002 WL 23826, at *6 (N.D. Ill. Jan. 8, 2002) (rejecting the argument that a court should always award attorney's fees when a defendant has acted willfully or maliciously "because it would convert the permissive attorneys' fees provision . . . into a mandatory one"); see also United Centrifugal Pumps v. Cusimano, No. Civ.87-3074,1988 U.S. Dist. LEXIS 11012, at *42 (Aug. 31, 1988) (declining to award attorney's fees due to the "relative means of the parties" and the fact that both parties had already been "punished" enough); Real Time Laboratories, Inc. v. Predator Systems, Inc., 757 So.2d 634, 638 (Fla. Dist. Ct. App. 2000) ("The statute gives the trial court the discretion to award attorney's fees even if the actions of the misappropriating parties is found to be willful and malicious."). Accordingly, the Court has ultimate discretion regarding whether to award Plaintiff attorney's fees based on the circumstances of this case.

### 2. Application to Plaintiff's Motion

The jury found $179,586 in actual damages and $100,000 in punitive damages as a result Defendants' actions, including the willful and malicious misappropriation of Chetu's trade secrets. It is the willful and malicious conduct that entitles Plaintiff to pursue its attorney's fees. Since such conduct provides the basis for both punitive

5

damages and attorney's fees, the Court concludes that an award of attorney's fees would overcompensate Chetu and impose an unwarranted cost on the Defendants. Here, the punitive damages adequately served the deterrent purpose and provided additional compensation to Chetu. Consequently, the Court exercises its discretion and declines to award attorney's fees to Chetu.

### III. COSTS

In addition to attorney's fees, the Motion seeks to recover a total of $7,084.14 in costs and litigation expenses. Chetu filed a Bill of Costs [DE 165], which itemizes its costs. These costs are comprised of fees of the Clerk ($341.00), fees for service of process ($913.75), fees for printed or electronically recorded transcripts necessarily obtained for use in the case ($5,256.99), and fees for exemplification and copies of papers necessarily obtained for use in the case ($572.40). See DE 165-3. The Response does not challenge any of the costs requested by Chetu.

Under Rule 54(d), there is a strong presumption favoring an award of costs to the prevailing party. Matthews v. Crosby, 480 F.3d 1265, 1277 (11th Cir. 2007); Chapman v. AI Transport, 229 F.3d 1012, 1038 (11th Cir. 2000). Costs are awarded so long as they are permitted by 28 U.S.C. § 1920. See Maris Distrib. Co. v. Anheuser-Bush, Inc., 302 F.3d 1207, 1225 (11th Cir. 2002). The Court has reviewed the costs submitted by Chetu and finds that they are reasonable and were necessarily incurred in connection with the prosecution of this action. Accordingly, the Court will award Chetu a total of $7,084.14 in costs.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Verified Motion for Attorney's Fees and Costs [DE 165] is hereby **DENIED IN PART and GRANTED IN PART**. Plaintiff is not awarded attorney's fees, but is awarded costs in the amount of $7,084.14. A Judgment awarding costs will be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6 day of July, 2010.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record